**Joseph James Norita Camacho**
Attorney-at-Law
3rd Floor, Bank of Guam Bldg., Garapan
P.O Box 5506 CHRB
Saipan, MP 96950
(670) 233-8536/8537
(670) 233-8538 fax

Attorney for Zheng, Wen Jian

F I L E D
Clerk
District Court

OCT 1 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO.04-00025 |
| | ) | |
| Plaintiff, | ) | APPLICATION FOR CERTIFICATION |
| | ) | OF EXCESS COMPENSATION |
| | ) | PURSUANT TO 18 U.S.C §3006A (d) |
| VS. | ) | (3) AND 18 U.S.C. §300A (E) (3) AND |
| | ) | APPLICATION FOR FINAL PAYMENT |
| ZHENG, Wen Jian | ) | FOR **INTERPRETER ABY LEUNG.** |
| | ) | |
| Defendant. | ) | |

COMES NOW, Joseph James Norita Camacho, court-appointed counsel for Defendant Zheng, Wen Jian in the above matter, and hereby applies for certification of excess compensation for the court appointed Interpreter, Aby Leung, pursuant to 18 U.S.C. § 3006A (d)(3) for the representation of Defendant, for services of unusual character or duration pursuant to 18 U.S.C 3006A § (e)(3) and for final payment.

### FACTS

The Court may take Judicial Notice of the Following: the Court Approved the retention of Aby Leung as the Interpreter for the Defendant, Zheng, Wen Jian. Aby Leung was appointed pursuant to the Criminal justice Act of 1964, 18 U.S.C. 3006A since the Defendant was found to be financially unable to obtain adequate representation, and required the assistance of an interpreter.

On or about June 02, 2004, Zheng Wen Jian was changed by indictment with the following counts:

**Count 1 -** <u>Making False Declarations Before the Court</u>. On or about May 17, 2004, within the District of the Northern Mariana Islands, Defendant ZHENG, Wen Jian, while under oath in a proceeding before a court of the United States, knowingly made false material declarations, that is, Defendant, ZHENG, Wen Jian, in a trial before the United States District Court in Saipan, use a false name and date of birth in attempt to pose as his brother, Zheng Wen Shun.

This violation of Title 18, United States Code, Section 1623(a).

THE GRAND JURY FURTHER CHARGES:

**Count 2 -** <u>Misuse of a Passport.</u> On or about May 19, 2004, within the District Court of the Northern Mariana Islands, defendant, ZHENG, Wen Jian willfully and knowingly used and attempt to use a passport issued and designed for the use of another, that is, defendant, Zheng Wen Jian, used and attempt to use a passport issued to and designed for the use of his brother, ZHENG, Wen Shun, when he presented such passport to the Commonwealth of the Northern Mariana Islands (CNMI) Immigration Officers on May 19, 2004.

This violation of Title 18, United States Code, Section 1544.

## DISCUSSION

Because of the length of time the case took and its complexity, the interpreter, through ZHENG, Wen Jian appointed counsel hereby request this court to certify that excess compensation is warranted in this matter to provide fair compensation to the **Interpreter Aby Leung** and that a final payment is warranted. In further support, Counsel states the following:

1. Defendant Zheng, Wen Jian at times could be a very difficult client prone to paranoia, angry outbursts and unreasonable fixations. Requiring Counsel and the Interpreter Aby Leung more time and effort than a typical case of similar offenses.

2. Defendant Zheng, Wen Jian underwent three separate mental evaluation, and numerous meetings and other court appearances.

3. Defendant Zheng, Wen Jian was in the habit of calling Attorney and/or the Interpreter Aby Leung several times daily. The calls often did not involve any matter of substance, but merely were a manifestation of Defendant's paranoia. There are many more calls that both Counsel and the Interpreter Aby Leung did not bill the Court because it did not reflect any matter of substance.

4. While Defendant was detain at the CNMI Immigration Detention Center, there is no limit to the number of calls a detainee can make, which only encourage Zheng to make even more calls.

5. On numerous occasion, Defendant Zheng contacted the Interpreter and Attorney that there was some serious matter that required an immediate meeting. Counsel and the Interpreter found out after meeting with Defendant Zheng that it was a matter that neither concern the present case or was merely a repetition of the same statements given a day earlier.

6. This case lasted over a year during which Defendant Zheng was transferred to three different locations. (1) CNMI Immigration Detention Center. (2) Then to the CNMI DPS Division of Correction when Defendant Zheng was found to be in possession of a weapon (shank). (3) Later, Defendant Zheng was transferred to the Juvenile Detention Unit in Kagman.

7. Several times, Defendant Zheng requested for Counsel and the Interpreter Aby Leung because he was ill or suffering some ailments and required medical attention and Zheng was not being provided medical care. Some of these illness was perhaps imagine or could not be substantiated, but

required that Counsel and the Interpreter Aby Leung attend to Zheng's request for a meeting.

8. Defendant Zheng had an unreasonable fixation on events and persons, among these fixation was a bag that belong to Zheng which he allege was stolen from him by the U.S. Immigration. Numerous meetings and phone calls involved this bag and allegations of being persucuted by government officials.

9. In summary, the offense in this case are not complex. However, the Defendant because of his mental condition and paranoia required more time and effort on the part of Counsel and the **Interpreter Aby Leung.**

10. Counsel is deeply grateful to the **Interpreter Aby Leung** for his services and for his professionalism through out the course of this case, without his assistance this case could not be brought to conclusion.

## NOTICE TO THE UNITED STATES

Appointed counsel bring this matter before the Court without notice to the United States in its capacity as a party to the case nor is the district court required to notify the United States upon receipt of a request *In Re Baker,* 693 F.2d 925, 927 (9th Cir. 1982).

The Criminal Justice act does not contemplate nor provide for any such adversary hearing. It excludes the Government from participation in the Act's compensation and reimbursement arrangements. Id.;*see also United States v. Feldman,* 788 F.2d 625, 626 (1986).

## FAIR COMPENSATION

According to the Guidelines for the Administration of the Criminal Justice Act, the Court must determine a fair and reasonable fee using the following criteria; responsibilities involves measured by the magnitude and importance of the case; manner in which duties were performed; knowledge, skill efficiency,

professionalism, and judgment required of and used by counsel; nature of counsel's practice and injury thereto; any extraordinary pressure of time or other factors under which services rendered; and any other circumstances relevant and material to determine of a fair and reasonable fee. *United States v. Diaz,* 802, F. Sup 304, 307 (C.D. Cal 1992)

The sixth amendment guarantees that all criminal defendants be represented by effective legal counsel- counsel who are reasonably diligent, conscientious and competent. This and other constitutional guarantees represent the corner of the American criminal justice system and ensure that the process is fundamentally fair. In the present case, the assistance of an Interpreter was a necessary part in Counsel's ability to provide proper representation.

## CONCLUSION

Accordingly, the undersigned respectfully applies to this Honorable Court to grant full compensation in the billings of the **Interpreter Aby Leung** submitted herewith.

Executed this _6th_ day of _October_ 2005.

Respectfully submitted

Joseph James Norita Camacho
Attorney for ZHENG, Wen Jian